UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| EUNICE AND GARY MANUEL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 09-CV-339-B-W |
| ) | |
| CITY OF BANGOR, *et al.*, ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**
**(Doc. No. 9)**

Eunice and Gary Manuel have filed suit against the State of Maine and the City of Bangor and various subdivisions of state and municipal government, as well as the United States Army, the United States Department of Housing, and a handful of private parties, including Bank of America, some of which have been served or have waived service and now have motions to dismiss pending. According to their complaint and their briefs in opposition to the pending motions, the Manuels have had a difficult time settling into the Bangor area since arriving here in 2004, particularly with respect to finding suitable living arrangements for their family and finding, and keeping, gainful employment. The Manuels bring their action *pro se* on their own behalf and on behalf of three minor children. As *pro se* litigants, Eunice and Gary Manuel cannot maintain an action on behalf of their minor children, Burrell v. Anderson, 353 F. Supp. 2d 55, 73 (D. Me. 2005). In any event, the Manuel's allegations do not depend on any alleged conduct directed toward the Manuel children by the named defendants, so striking the designation of the minor children as party plaintiffs does not resolve the litigation. Now pending are motions to dismiss by the City of Bangor and related subdivisions (Doc. Nos. 6 & 8), the

State of Maine and its Bureau of Motor Vehicles (Doc. No. 9), and Bank of America (Doc. No. 5). The Court referred these motions for report and recommendation pursuant to 28 U.S.C. § 636. This Recommended Decision concerns the motion to dismiss filed by the State of Maine. For reasons that follow, I recommend that the Court grant the State's motion. I also recommend that the Court strike the designation of the Manuel children as party plaintiffs.

## Applicable Standard

Federal Rule of Civil Procedure 12(b)(6), the procedural vehicle for the defendants' motion, provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a civil action in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that depict the manner by which the defendants subjected the plaintiffs to a harm for which the law affords a remedy. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The factual allegations need not be elaborate, but they must be minimally sufficient to show a plausible entitlement to relief so that the defendant will have "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Additionally, because the Manuels are *pro se* litigants, their complaint is to be subjected to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). See

2

also Erickson, 127 S. Ct. at 2200. As *pro se* litigants, their pleadings also may be interpreted in light of supplemental submissions, such as their responses to the motions to dismiss. Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003). In appropriate circumstances, *pro se* litigants also may be entitled to an opportunity to amend before their claims are dismissed with prejudice. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004); Cote v. Maloney, 152 Fed. Appx. 6, 8 (1st Cir. 2005) (not submitted for publication); cf. Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (discussing "the existing procedures available to federal trial judges in handling claims that involve examination of an official's state of mind" and noting that requiring a more definite statement affords a pragmatic approach to avoid subjecting officials "to unnecessary and burdensome discovery or trial proceedings," while still affording a reasonable opportunity for judgment to enter on the merits).[1]

## Plaintiffs' Allegations

As grounds for their action, the Manuels reference Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act, Title VIII of the Civil Rights Act of 1968, "and any other relevant laws that apply." (Compl. at 3.)

---

[1] "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley, 355 U.S. at 48. But see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) ("retiring" a different phrase from the Conley opinion that stated a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," quoting Conley, 355 U.S. at 45-46). See also Lalonde v. Textron, Inc., 369 F.3d 1, 6-7 & n.10 (1st Cir. 2004) (describing a motion for more definite statement as "the proper response" by a defendant as compared to a motion for dismissal on the merits); Hayduk v. Lanna, 775 F.2d 441, 445 (1st Cir. 1985) (affirming dismissal after "two opportunities to amend" as "well within the discretion of the district court" where plaintiffs were also advised as to what areas of the complaint lacked sufficient detail); Marcello v. Maine, 489 F. Supp. 2d 82, 85-86 (D. Me. 2007) ("Rule 12(e) is designed to provide relief for a defendant who is having difficulty crafting an answer in response to an overly vague or ambiguous complaint."); Haghkerdar v. Husson College, 226 F.R.D. 12, 13-14 (D. Me. 2005) (explaining that a motion for more definite statement is proper to address "unintelligibility," as "when a party is unable to determine the issues he must meet") (quoting Cox. v. Me. Mar. Acad., 122 F.R.D. 115, 116 (D. Me. 1988)).

The Manuels' complaint begins with an allegation that they have been subjected to illegal surveillance, discrimination, violence, civil rights violations, and property damage since moving to the Bangor area and continuing through the present.  The allegations that follow do not link the allegations of surveillance, violence, or property damage to the State.  For that reason, I interpret this complaint as one based on alleged violations of federal anti-discrimination statutes.  Based on the statutes cited, the Manuels contend that they have been subjected to discrimination on the basis of race and disability.  For their remedy the Manuels request money damages, exclusively.  (Compl. at 3.)

I recite the balance of the material allegations in relation to the State of Maine.  Allegations related to other named defendants or unidentified parties are not recited here.  For example, among the Manuels' plaints are allegations related to computer viruses, electrical service, phone service, auto service, legal service, and medical service that cannot plausibly be attributed to the State of Maine. (Compl. ¶¶ 5, 6.)

The Manuels' complaint does not contain any allegations pertaining to the State of Maine, although the caption identifies the Maine Bureau of Motor Vehicles as a defendant.  In opposition to the State's motion to dismiss, however, the Manuels explain that a driver's license examiner at the local Bureau of Motor Vehicles office repeatedly failed Eunice Manuel in her driver's exam "for the same reasons," even though she should have been passed on her second or third try.  The Manuels videotaped the third test and sent a copy to the Bureau.  Someone at the Bureau said to take the test over again and that "someone would be watching this time."  Eunice Manuel took the test again in March of 2006 and passed.  (Opposition to State of Maine's Mot. to Dismiss, Doc. 17.)

**Discussion**

Among the statutes cited by the Manuels in their complaint is Title II of the Americans with Disabilities Act. Title II of the ADA "addresses discrimination by governmental entities in the operation of public services, programs, and activities." Buchanan v. Maine, 469 F.3d 158, 170 (1st Cir. 2006); 42 U.S.C. § 12132. A claim under Title II for injunctive relief does not require proof of discriminatory intent, but discriminatory intent on the part of the governmental entity must be demonstrated in the form of deliberate indifference in order to recover money damages in a *respondeat superior* scenario.[2] Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001); Bartlett v. New York State Bd. of Law Exam'rs, 156 F.3d 321, 331 (2d Cir. 1998). Deliberate indifference is demonstrated when the institution is provided with notice of harm to a federally protected right and an opportunity to rectify the situation, but fails to take reasonable measures to ensure compliance. Wills v. Brown Univ., 184 F.3d 20, 41 (1st Cir. 1999); Duvall, 260 F.3d at 1139.

The Manuels also raise Title VI of the Civil Rights Act of 1964. Title VI prohibits institutions receiving federal funds from engaging in racial discrimination in the administration of federally-funded programs. 42 U.S.C. § 2000d. In order to recover money damages under Title VI the plaintiff must demonstrate discriminatory intent on the part of the institution in question, not merely an act of discrimination by a lower-level officer of the institution. Guardians Ass'n v. Civil Serv. Comm'n, 463 U.S. 582, 584 (1983); Latinos Unidos de Chelsea En Accion v. Secretary of Housing and Urban Dev., 799 F.2d 774, 783 (1st Cir. 1986). The deliberate indifference standard logically applies with equal force to *respondeat superior*-type

---

[2]  By *respondeat superior* scenario, I mean to describe a scenario in which the plaintiff accuses a governmental entity of discrimination based on the conduct of lower-level officers.

claims brought under Title VI. Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 641-42 (1999); Lovell v. Chandler, 303 F.3d 1039, 1056-57 (9th Cir. 2002); Sconiers v. Whitmore, No. 1:08-cv-1288-LJO-SMS, 2008 U.S. Dist. Lexis 101962, *44-45, 2008 WL 5113651, *16 (E.D. Cal. Dec. 1, 2008). After all, Title II directs that its remedies, procedures, and rights shall be the same as those set forth in the Rehabilitation Act. See 42 U.S.C. § 12133. In turn, the Rehabilitation Act points to the remedies, procedures, and rights set forth in Title VI. See 29 U.S.C. § 794a(a)(2).

As the foregoing authorities reflect, the Manuels' quest to recover monetary damages from the governmental defendants under Title II and Title VI requires evidence that persons having supervisory oversight within the relevant state bureau had notice of the Manuels' allegations of discriminatory treatment yet failed to take reasonable measures to ensure compliance with federal law. Liability under Title VI cannot be imputed to institutions based merely on the actions of lower-level employees. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 287-88 (1998) (addressing availability of money damages in Title IX context where liability for the institution would necessarily rest "on principles of vicarious liability or constructive notice" and likening Title IX to Title VI); Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1034 (9th Cir. 1998) (applying Gebser rationale in Title VI context); Assenov v. Univ. of Utah, 553 F. Supp. 2d 1319, 1335 (D. Utah 2008) ("The purpose of this rule is to avoid making institutional defendants liable under Title VI on the basis of *respondeat superior* alone.") This rule extends to the Manuels' claim under Title II, as well, because the Manuels request monetary relief as their exclusive remedy. Duvall, 260 F.3d at 1138; Bartlett, 156 F.3d at 331.

The Manuels also cite "Title VIII," which is the Fair Housing Act, 42 U.S.C. § 3613. Pursuant to the Fair Housing Act (FHA), it is unlawful to discriminate in relation to housing based on a person's race, handicap, and certain other characteristics. Id. § 3604.

With respect to the State of Maine, the material allegations concern Eunice Manuel's efforts to obtain her driver's license. The Fair Housing Act obviously has no application in this context. As for Title II and Title VI, the complaint relates that the Bureau addressed the Manuels' concern about potential discrimination after the Manuels provided the Bureau with notice of what they felt was discrimination. These allegations undermine the Title VI claim against the State of Maine because they do not suggest deliberate indifference to the Manuels' allegations of discrimination. To permit this claim to go forward where the complaint establishes that the Manuels received the privilege or benefit they sought after addressing their concern with administrators at the Bureau's head office would serve no practical purpose and I therefore recommend that the Court grant the state defendants' motion to dismiss.[3] The difference between the claims against the City[4] and the claim against the State is that the allegations against the State divulge an administrative response and a favorable resolution, meaning the allegations are actually inconsistent with a finding of liability in the form of money damages.

It is also unresolved on this record whether any of the statutory provisions cited by the Manuels may make the State of Maine susceptible to a suit for monetary damages in federal

---

[3]   In one of their opposition filings the Manuels make an allegation to the effect that every named defendant has conspired against them. (Opposition to Joinder at 1, Doc. No. 20.) However, it simply is not plausible to infer that the State of Maine conspired with any of the other defendants in connection with programs, activities, or services provided by those other defendants.

[4]   In an Order issued on even date with this Recommended Decision, I have afforded the Manuels an opportunity to amend their allegations against the City.

court.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 66-68 (1996).  There is no need to reach that issue, obliquely raised by the State in its motion and not addressed by the Manuels in their response, because even assuming such a suit could be brought pursuant to one of these statutory provisions, the Manuels have not alleged facts sufficient to state a claim against the State of Maine under any of the statutory provisions and, in fact, have negated the existence of any claim against the State of Maine on the facts presented.

## Conclusion

For the reasons set forth above, I RECOMMEND that the Court GRANT the motion to dismiss filed by the State of Maine (Doc. No. 9).  I also RECOMMEND that the Court STRIKE the designation of the Manuel children as party plaintiffs.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 21, 2009