UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| EUNICE AND GARY MANUEL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 09-CV-339-B-W |
| | ) | |
| CITY OF BANGOR, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER GRANTING OPPORTUNITY TO AMEND COMPLAINT IN RELATION TO CLAIMS AGAINST BANK OF AMERICA AND ORDER SETTING RELATED DEADLINES IN ORDER TO RESOLVE BANK'S MOTION TO DISMISS (Doc. No. 5)**

Eunice and Gary Manuel have filed suit against the State of Maine and the City of Bangor and various subdivisions of state and municipal government, as well as the United States Army, the United States Department of Housing, and a handful of private parties, including Bank of America, some of which have been served or have waived service and now have motions to dismiss pending. According to their *pro se* complaint and their briefs in opposition to the pending motions, the Manuels have had a difficult time settling into the Bangor area since arriving here in 2004, particularly with respect to finding suitable living arrangements for their family and finding, and keeping, gainful employment. Now pending are motions to dismiss by the City of Bangor and related subdivisions (Doc. Nos. 6 & 8), the State of Maine and its Bureau of Motor Vehicles (Doc. No. 9), and Bank of America (Doc. No. 5). The Court referred these motions for report and recommendation pursuant to 28 U.S.C. § 636. This Order concerns the claims against Bank of America. I do not offer a recommendation at this time on the Bank's

motion to dismiss, but rather grant the Manuels the opportunity to amend their complaint for reasons that follow.  After the Manuels are afforded this opportunity to amend, Bank of America may renew its motion on existing or additional grounds, or not.

**Applicable Standard**

Federal Rule of Civil Procedure 12(b)(6), the procedural vehicle for Bank of America's motion, provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted."  In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery.  Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a civil action in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiffs to a harm for which the law affords a remedy. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  The factual allegations need not be elaborate, but they must be minimally sufficient to show a plausible entitlement to relief so that the defendant will have "fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957));  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Additionally, because the Manuels are *pro se* litigants, their complaint is to be subjected to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  See also Erickson, 127 S. Ct. at 2200.  As *pro se*  litigants, their pleadings also may be interpreted in light of supplemental submissions, such as their responses to the motions to dismiss.  Wall v.

Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003). In addition, because the motions to dismiss do not discuss the elements of the statutory claims identified by the Manuels, as *pro se* plaintiffs the Manuels should be afforded some opportunity to understand what the statutes require, along with an opportunity to supplement their allegations if they so choose, to avoid a scenario in which their claims are summarily dismissed with prejudice based on a failure to plead sufficient facts. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004); Cote v. Maloney, 152 Fed. Appx. 6, 8 (1st Cir. 2005) (not submitted for publication); Cf. Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (discussing "the existing procedures available to federal trial judges in handling claims that involve examination of an official's state of mind" and noting that requiring a more definite statement affords a pragmatic approach to avoid subjecting officials "to unnecessary and burdensome discovery or trial proceedings," while still affording a reasonable opportunity for judgment to enter on the merits).[1]

## Plaintiffs' Allegations

As grounds for their action, the Manuels reference Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act, Title VIII of the Civil Rights Act of 1968, "and any other relevant laws that apply." (Compl. at 3.)

---

[1] "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Conley, 355 U.S. at 48. But see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562-63 (2007) ("retiring" a different phrase from the Conley opinion that stated a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," quoting Conley, 355 U.S. at 45-46). See also Lalonde v. Textron, Inc., 369 F.3d 1, 6-7 & n.10 (1st Cir. 2004) (describing a motion for more definite statement as "the proper response" by a defendant as compared to a motion for dismissal on the merits); Hayduk v. Lanna, 775 F.2d 441, 445 (1st Cir. 1985) (affirming dismissal after "two opportunities to amend" as "well within the discretion of the district court" where plaintiffs were also advised as to what areas of the complaint lacked sufficient detail); Marcello v. Maine, 489 F. Supp. 2d 82, 85-86 (D. Me. 2007) ("Rule 12(e) is designed to provide relief for a defendant who is having difficulty crafting an answer in response to an overly vague or ambiguous complaint."); Haghkerdar v. Husson Coll., 226 F.R.D. 12, 13-14 (D. Me. 2005) (explaining that a motion for more definite statement is proper to address "unintelligibility," as "when a party is unable to determine the issues he must meet") (quoting Cox. v. Me. Mar. Acad., 122 F.R.D. 115, 116 (D. Me. 1988)).

The Manuels' complaint begins with an allegation that they have been subjected to illegal surveillance, discrimination, violence, civil rights violations, and property damage since moving to the Bangor area and continuing through the present. The allegations that follow do not link the allegations of surveillance, violence, or property damage to Bank of America. For that reason, I interpret this complaint as one based on alleged violations of federal anti-discrimination statutes. Based on the statutes cited, the Manuels contend that they have been subjected to discrimination on the basis of race and disability. For their remedy, the Manuels request money damages, exclusively. (Compl. at 3.)

I recite the balance of the material allegations in relation to Bank of America. Allegations related to other named defendants or unidentified parties are not recited here. For example, among the Manuels' plaints are allegations related to computer viruses, electrical service, phone service, auto service, legal service, and medical service that cannot plausibly be attributed to Bank of America. (Compl. ¶¶ 5, 6.) According to the Manuels, at some point during the past five years, the Manuels applied at Bank of America for a home mortgage loan. At the time, Eunice was earning $36,000 annually[2] and the requested loan amount was $65,000. Her credit score was 560 and there were some unspecified notations on her credit report respecting "old creditors" dating back four to seven years. Bank of America denied the application and justified the denial based on insufficient annual income, credit score, and debt ratio. The Manuels believe that Bank of America "should have tried in some way to help us achieve the American Dream." (Compl. ¶ 4; Opposition to Bank of Am.'s Mot. to Dismiss at 1, Doc. No. 10.)

---

[2]   The Manuels state that their combined household income was $40,000. (Opposition to Bank of America's Mot. to Dismiss at 1, Doc. No. 10.)

4

**Discussion**

Among the statutes cited by the Manuels in their complaint is Title II of the Americans with Disabilities Act. Title II of the ADA "addresses discrimination by governmental entities in the operation of public services, programs, and activities." Buchanan v. Maine, 469 F.3d 158, 170 (1st Cir. 2006); 42 U.S.C. § 12132. Bank of America is not a governmental entity and this statutory provision has no apparent application to them.

The Manuels also raise Title VI of the Civil Rights Act of 1964. Title VI prohibits institutions receiving federal funds from engaging in racial discrimination in the administration of federally-funded programs. 42 U.S.C. § 2000d. In order to recover money damages under Title VI the plaintiff must demonstrate discriminatory intent on the part of the institution in question, not merely an act of discrimination by a lower-level officer of the institution. Guardians Ass'n v. Civil Serv. Comm'n, 463 U.S. 582, 584 (1983); Latinos Unidos de Chelsea En Accion v. Secretary of Housing and Urban Dev., 799 F.2d 774, 783 (1st Cir. 1986).

The Manuels also cite "Title VIII," which is the Fair Housing Act, 42 U.S.C. § 3613. Pursuant to the Fair Housing Act (FHA), it is unlawful to discriminate in relation to housing based on a person's race, handicap, and certain other characteristics. Id. § 3604. For purposes of racial discrimination, the applicable prohibitions are stated in subsections (a) through (e) of § 3604. For purposes of handicap discrimination, they are stated in subsections (e) and (f). The Fair Housing Act also prohibits discrimination in residential real estate-related transactions, including the making of loans for purchase of a dwelling. 42 U.S.C. § 3605. The FHA claim can be sustained with evidence of either discriminatory impact or discriminatory intent. Latinos Unidos, 799 F.2d at 791. The FHA permits an award of actual and punitive damages based on a finding "that a discriminatory housing practice has occurred." 42 U.S.C. § 3613(c).

5

Bank of America volunteers that the Manuels' claim could fall under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, but makes no mention of the statutes actually cited by the Manuels.  The ECOA prohibits discrimination "with respect to any aspect of a credit transaction[,] on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a).  Under the ECOA, the Court reviews the pleadings as it would pleadings advanced under Title VII.  Rosa v. Park West Bank & Trust Co., 214 F.3d 213, 215 (1st Cir. 2000).  In Rosa, the First Circuit Court of Appeals reversed the dismissal of a claim under the ECOA where the plaintiff alleged that a bank employee denied him the chance to apply for a loan because he was dressed as a woman, observing that it was reasonable to infer that the employee treated the plaintiff differently based on his nonconformity with gender stereotypes. Id. at 216.  Moreover, in Swierkiewicz the Supreme Court held that notice pleading suffices in the Title VII context.

Bank of America says the Manuels' "formulaic recitation" of discrimination does not suffice.  (Doc. No. 14 at 1.)  The Manuels' recitation is not entirely formulaic.  They have offered factual allegations particular to their credit application, after all.  However, the Manuels have not specified when they applied for a loan or at what location.  Nor have they identified what racial group they belong to or what the alleged disability ("handicap") is or how it relates to their application for a home ownership loan.  Additionally, the Manuels' complaint does not suggest why Bank of America would be potentially subject to liability under Title II and Title VI.  Bank of America is not a public entity under Title II, 42 U.S.C. § 12132, and the allegations do not currently suggest that Bank of America was administering a program or activity receiving federal

financial assistance under Title VI, 42 U.S.C. § 2000d.³ On the other hand, the mere existence of both the FHA and the ECOA attest to the plausibility of discriminatory lending practices, at least in the eyes of the members of Congress who passed this legislation. Elaborate pleadings are not required in the context of FHA and ECOA claims. See, e.g., Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008). However, the pleadings must be intelligible enough to put the individual defendant on notice of the "who, what, when, and where" that underlie the complaint.

Because they are *pro se* plaintiffs, the Manuels should have an opportunity to amend their complaint, should they deem it necessary, in order to allege such facts as may be known to them so that their claims are not dismissed with prejudice based on a pleading technicality. Additionally, their complaint as currently structured, without reference to separate counts for separate defendants or factual information as to particular allegations against particular defendants, is an invitation for summary dismissal for failure to state any claim against any defendant.⁴

## Conclusion

For the reasons set forth above, I ORDER that the Manuels have the opportunity to amend their complaint to the extent they are able to afford Defendant Bank of America with additional notice of the facts underlying their claims. The deadline for compliance with this Order is October 30, 2009. If the Manuels do not amend their complaint as allowed by this Order, I will issue a recommended decision on Bank of America's motion based exclusively on the existing allegations. In the event that the Manuels amend their complaint to supply

---

³ The Manuels do not allege when Eunice Manuel applied for a loan. Presumably, Bank of America's relatively recent acceptance of federal bailout money does not subject it to liability under Title VI in regard to all of its commercial lending activity.

⁴ Additional defendants have also filed motions to dismiss and the Manuels might be well advised to consider this their one opportunity to file an amended complaint as to all defendants that sets forth separate counts and explains "who, what, when, and where" separately for each defendant.

additional allegations related to their claims against Bank of America, Bank of America will have until November 13, 2009, to renew its motion on existing or additional grounds, or not.

*So Ordered.*

October 21, 2009                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge